## McCann's Estate

*Aaron S. Swartz, Jr.*, for accountant.

*Wallace M. Keely* and *Rebecca Roberts Shelly*, for Norristown Library Co.

*Julian W. Barnard*, for Borough of Norristown.

*Harold D. Saylor*, for heirs.

HOLLAND, P. J., July 24, 1940.—The first and final account of Montgomery Trust Company, administrator d. b. n. c. t. a., was audited on October 26, 1938, with continued audits November 23, 1938, and April 21, 1939, after all notice required by law or rule of court.

The facts from the record appear as follows: Date of death December 18, 1881; will proved January 9, 1882; letters testamentary granted January 9, 1882, to decedent's daughter, Mary Norris Walker, his stepson, James G. Wells, and his friend Charles Hunsicker, Esq. Charles Hunsicker, Esq., resigned and was discharged September 15, 1884, James G. Wells died prior to 1916, and Mary N. Walker died June 16, 1916, having remarried and become Mary N. Walker Scarlett. On April 27, 1938, a decree of this court was entered authorizing the

216

register of wills to issue letters of administration d. b. n. c. t. a. In accordance with said decree the register on May 6, 1938, issued letters of administration d. b. n. c. t. a. to Montgomery Trust Company, the present accountant.

All inheritance tax due the Commonwealth has heretofore been paid.

The relevant item of the will is as follows:

"ITEM: I give and bequeath unto the School Directors of the Borough of Norristown the sum of Two Thousand Dollars ($2,000.00) in trust to institute and found a library to be called the William McCann Library, and the further sum of Eight Thousand Dollars ($8,000.00) forever for the same purpose, provided, however, that this bequest shall be void and of no effect unless said School Directors shall fit up and forever after maintain a room on the second story of the new school building lately erected on the lot of ground on the corner of De Kalb and Oak Streets, heat and light the same and keep the same at all times comfortable and suitable for a library. All the books shall have printed on the title page, and on at least two other places in each book before being placed in said library to prevent loss, the following words— William McCann Library, Norristown, Pa. It is further directed that no sectarian or religious books shall be purchased for said library except the Holy Bible and the New Testament—no person under ten years of age shall have the use of the books—all other persons under such regulations as may from time to time be adopted shall have the right and privilege to use said library—the said School Directors shall publish an annual statement in one of the Norristown newspapers of the condition of said library. But in case the Norristown School Board shall refuse to accede to the terms of this bequest, then I give and bequeath the whole Ten Thousand Dollars ($10,000.00) to the Burgess and Town Council of the Borough of Norristown for the purchase of a park or

garden to be kept open for the use of the public and to be called the William McCann Park."

*History of the case*

By virtue of the said item of the will there was awarded to the School District of the Borough of Norristown the sum of $10,000 and the said School District of the Borough of Norristown conducted a public library in compliance with the terms of the will for a long period of time until on or about July 15, 1938, when, the income of the fund not being sufficient to maintain the library, and the said school district not being able to longer conduct said library legally, it petitioned the court for the court to authorize the granting of letters of administration d. b. n. c. t. a. that it might return the said $10,000 to the estate of decedent. Such a decree was made by the court, and the register of wills on May 6, 1938, granted letters of administration d. b. n. c. t. a. to Montgomery Trust Company, which, after a petition was filed in this court and a decree entered authorizing it to do so, accepted the sum of $10,000 in cash from the said School District of the Borough of Norristown in full settlement of any and all claims which the estate of William McCann, deceased, might have against the said School District of the Borough of Norristown. This fund, less administration expenses, is now before the court for distribution as the court may determine.

The account was filed September 2, 1938, showing a balance for distribution in the sum of $9,360.50, composed of cash.

Decedent at the time of his death was survived by a number of next of kin who are set out in the petition for adjudication, but we need only note that he was survived by no wife and by only one child, Mary Norris Walker, who later intermarried with one Thomas Scarlett and became Mary N. Walker Scarlett and, as above indicated, died without issue June 16, 1916, a resident of Philadelphia, but survived by her said husband, Thomas Scarlett,

who died January 12, 1920. Mention only need be made of this daughter, who was his sole surviving next of kin under the intestate laws at the time of his death, because in case the court decided that decedent under the present circumstances has died intestate as to the fund for distribution, the same would be awardable to her administrator. Her administrator is William R. Scarlett, who has entered his appearance in this proceeding as above indicated.

There are three claimants of the fund for distribution, all of whom appeared at the audit and the two continued audits, and contended for the distribution of the fund to them. One claimant is William R. Scarlett, administrator of the estate of Mary Norris Scarlett, the deceased daughter of decedent. This claimant contends that, under the present circumstances, decedent is intestate as to the balance for distribution, and that it should be awarded to him. The two other claimants are Norristown Library Company and Borough of Norristown.

Norristown Library Company contends that the cy pres doctrine should be applied, and that it, being the only other library in Norristown, should receive the fund under the conditions which will hereinafter be referred to.

The Borough of Norristown contends that, the first alternative in the will having been eliminated by the failure of the school board to continue the maintenance and operation of the library, it is entitled to the fund under the second alternative for the purpose in the second alternative specifically designated.

Testimony was taken at the two continued audits. One hundred and two pages of testimony were taken, but reference will be made only to the facts that were brought out particularly relevant to the inquiry. Under date of August 2, 1938, a committee, appointed for the purpose, presented a report to the president and members of the Council of the Borough of Norristown which recited the relinquishment of the $10,000 trust fund by the school board, and suggested that application be made to this

court to allow the $10,000 to be used in the betterment and improvement of the public square in Norristown, and that a major portion of the fund be used in the erection and maintenance of a public comfort station in the said public square, in the event that the Borough of Norristown were granted the fund, and that, if the award were made to the borough, the said public square should be changed in name to be known as the William McCann Public Square.

The Burgess and Town Council of the Borough of Norristown surrendered its special charter which had been granted by the legislature in 1812, and by decree of the common pleas court of this county adopted the code and changed its name to the "Borough of Norristown", the said "Borough of Norristown" being the successor to the "Burgess and Town Council of the Borough of Norristown".

A citizens' committee was appointed by the Chamber of Commerce of Norristown made up of representatives of various organizations in Norristown, such as service clubs and women's organizations, for the purpose of aiding and facilitating efforts being made to provide the town with library facilities to replace those heretofore afforded by the William McCann Library. The committee passed a resolution that a library association be formed and incorporated for the purpose of working toward the establishment of a public library and coöperating with other persons interested in the same project, and recommending that the President and Executive Secretary of the Norristown Chamber of Commerce engage legal counsel and intervene in these proceedings with the hope that the benefit that had been afforded by the McCann Library might be continued for the citizens of Norristown.

The Norristown Library Company would only accept the fund under the cy pres doctrine provided that other assistance was in sight for the maintenance of a public library. But the Norristown Library Company finally

presented a plan which was encompassed in a resolution of its board of trustees adopted at their meeting April 19, 1939. This resolution was to the effect that articles of amendment to the charter, unanimously approved by the trustees, by said resolution (a copy of which "articles of amendment" is appended to the resolution), would be presented to the stockholders of the Norristown Library Company for their required consent to effect the amendment of the charter in accordance with the proposed articles of amendment, provided the Orphans' Court of Montgomery County, by its decree under the cy pres doctrine, should award to the Norristown Library Company the fund now for distribution.

The proposed articles of amendment to the charter would have the effect of changing the name from "Norristown Library Company" to "Norristown Public Library", and making the library available generally as a public library. To secure the approval of these amendments to the charter would require the affirmative vote of seven eighths of the members of the Norristown Library Company.

It was estimated that the present building of the Norristown Library Company, located on De Kalb Street near Airy Street, could be altered and renovated to afford the public of Norristown the same library facilities as had been afforded by the McCann Library up to the time of its discontinuance, if the court awarded this fund for distribution to Norristown Library Company, and it expended part or all of the fund for said alterations and renovations.

## Discussion

For the sake of brevity we will refer to the administrator of the estate of Mary Norris Scarlett and those claiming through her as "the heirs", to Norristown Library Company as "the library", and to the Borough of Norristown as "the borough".

The heirs claim the fund as a matter of right upon the theory that decedent is intestate as to it. The chances

of the heirs ever obtaining any of this fund are so remote as to be practically nonexistent. Before they could do so the alternate gift in trust to the borough must fail and the cy pres doctrine, applied either to carry out a purpose cognate to the purpose of the McCann Library, or the park or garden purpose, must have been tried and found impossible of performance. We do not decide as to whether the application of the cy pres doctrine must be attempted in relation to the gift to the McCann Library or the gift to the borough.

The Act of May 9, 1889, P. L. 173, 10 PS §14, expresses the application of the cy pres doctrine in Pennsylvania, but only lays down what has been the doctrine of cy pres previous to the passage of the act as well as since the passage thereof. It is, briefly stated, that rule of equity that, where a trust is about to fail for any reason whatever, whereby its exact terms cannot be carried out, such imminent failure will be forestalled and prevented by the court of proper jurisdiction awarding the fund in trust for a cognate or similar purpose approximating the general intent of the testator or settlor as far as possible, provided, that such trust is in its general character for a religious, charitable, or publicly beneficial purpose.

The Norristown School Board having refused to continue the operation of the library as exactly directed by testator, the failure of the trust is imminent. The library, being the only library now existing in Norristown, submits a plan by which it will convert itself into a free public library, increase the capacity of its present quarters, and effectively furnish the reading public of Norristown, not only with the facilities that were furnished it by the McCann Library, when it was in operation, but also the additional facilities afforded by its own extensive accumulation of library material, and that it will appropriately and just as effectively, as heretofore, memorialize the name of the testator, William McCann.

The evidence taken at the two hearings demonstrated conclusively that the Borough of Norristown is desper-

ately in need of a modern public library, and even though much evidence was not upon the record, we would be fully justified in taking judicial notice of the fact that the residents of a borough of this size, together with the population immediately surrounding it, should have better library facilities than those now available. If testator had provided in his trust for a library and stopped there, we should have a perfect case before us for the application of the cy pres doctrine, and the awarding of this fund to the library.

An award of the fund to the only remaining library in the borough, which would immediately convert itself into a free public library exactly the same as the McCann Library, as contemplated by testator, while at the same time memorializing the benefit given the public by testator by appropriately associating his name with the new library as thus constituted, would unquestionably carry out as approximately as possible the general intent of testator to furnish the borough and the surrounding population with free library facilities. But, the difficulty in the way of making this disposition of the case is the specific provision in testator's will providing for an alternate gift in the event of the failure of the first gift.

Testator, after setting up the trust for the McCann Library, added this condition:

"Provided, however, that this bequest shall be void and of no effect unless the said School Directors shall set up and *forever after maintain* a room on the second floor of the new school building. . . ."

Then follow the details as to the operation of the library. Later in the item of the will we find:

"But in case the Norristown School Board shall refuse to accede to the terms of this bequest [one of which terms is to *forever after maintain* the library], then I give and bequeath the whole Ten Thousand Dollars ($10,000.00) to the Burgess and Town Council of Norristown for the purchase of a park or garden to be kept open for the use of the public and to be called the William McCann Park."

It must be remembered that the only reason for applying the cy pres doctrine is to prevent the failure of a charitable or religious trust or one for the benefit of the public. Invariably the reason why the failure of such a trust becomes imminent is because the testator or settlor has overlooked providing for some condition necessary to the maintaining of the trust, such as naming a trustee, or has imposed terms which are impossible of performance literally, because of some miscalculation or through some misapprehension of facts. In every instance it is brought about by the development of a situation not contemplated or anticipated by the testator or settlor. In such case the cy pres doctrine is applied to carry out the approximate intent of the testator or settlor; otherwise, not only would the trust fail entirely but the result would be an intestacy.

The case now before us presents a most unusual situation. Here testator actually anticipated the possibility of the library trust failing, and provided in advance what should be done with the money in case of such failure. Were we, therefore, to apply the cy pres doctrine to preserve the trust for library purposes, we should be doing a vain thing in the first place, and in the second place, ignoring the plain directions of testator who has provided for such an eventuality. The fact that our opinion is unequivocally to the effect that the borough needs a library more than it needs a park or garden is entirely wide of the point. Testator has plainly stated that in case the Norristown School Board shall refuse to accede to his terms the money is to go to the borough for the purchase of a park or garden for the use of the public and to be called the William McCann Park. We are bound by his directions.

It should be made clear, however, that, if this money is awarded to the borough, it cannot be used for the installation of a comfort station in the present public square. At least, it cannot be so used for this or any other purpose unless it is demonstrated that the establishment of a park or garden, as directed by testator, is impossible of per-

formance; in which case the cy pres doctrine may be applied in the future, either in the interest of a library project or a park or garden project. Which will have preference, we do not now discuss, much less decide.

Testator having anticipated the present eventuality, namely, the failure of the trust for the McCann Library according to the strict terms laid down by him, and, he having in such case alternately directed the gift to the borough, we have no other alternative than to award the fund to the borough. The balance for distribution will therefore be awarded to the Borough of Norristown for the purchase of a park or garden to be kept open for the use of the public and to be called the William McCann Park.